# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAHNAWAZ MATHIAS,** | : | **CIVIL ACTION NO. 1:09-CV-1515** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **RHYS KERSHAW**, et al., | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is Defendants' Motion to Dismiss the Complaint. (Doc. 6.) Plaintiff Shahnawaz Mathias ("Mathias") filed the Complaint on August 7, 2009, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983[1] and state law. (Doc. 1.) He sues Rhys Kershaw, Kevin Titzell, and the York County Adult Probation Department ("YCAPD"). Mathias alleges that Defendants discriminated against him and otherwise acted unlawfully while overseeing his probation. The court has subject-matter jurisdiction over Count I of the Complaint, which raises a federal question, pursuant to 28 U.S.C. § 1331, and over Count II, which raises a state law claim, pursuant to 28 U.S.C. § 1367. The Motion is briefed and ripe for

---

[1] Section 1983 "'is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred.'" Elmore v. Cleary, 399 F.3d 279, 281 (3d Cir. 2005) (quoting Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)). "To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." Id.

disposition. For the reasons that follow, the court will GRANT IN PART and DENY IN PART the Motion to Dismiss.

**FACTS**

On August 7, 2009, Mathias filed the Complaint, in which he seeks substantial damages and attorney's fees from the Defendants for the deprivation of his civil rights. He brings claims pursuant to 42 U.S.C. § 1983 (Count One) and official oppression (Count Two).[2] (Compl. ¶¶ 1, Doc. 1.)

Plaintiff sues Defendants Rhys Kershaw and Kevin Titzell, individually and officially as probation officers with the York County Adult Probation Department ("YCAPD"). (Doc. 2 at ¶¶ 4, 5.) Plaintiff alleges that Defendants Kershaw and Titzwell "served as the law enforcement arm of York County." (Id.) Although the Complaint caption lists "York County Probation Department" as a defendant, ¶ 6 of the Complaint identifies the party as York County. (Id. ¶ 6.) Plaintiff alleges that "[t]hrough its governing body the County Commissioners, said Defendant [York County] appropriates funds and establishes the budget for Defendant York County

---

[2] Paragraph 8 of the Complaint presents a panoply of legally possible but improbable claims: "This matter is being brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1988 and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution for the deprivation of Plaintiffs' [sic] decedent's civil rights by Defendants, and specifically Plaintiff's rights to life and liberty, the pursuit of happiness, to personal security and to freedom from the application of excessive force, to due process of law, and to freedom from cruel and unusual punishment. This action also represents a claim under the common law of Pennsylvania for, among other things, abuse of office." The court will consider only those presented as counts with a specific prayer for relief, of which Mathias presents two.

2

Adult Probation Department and is responsible for policies and practices established and carried out by the Defendants Kershaw and Titzell." (Id.) It is unclear from the face of the Complaint whether Mathias seeks to sue one or both entities. Mathias alleges that the cause of action arose on or about November 15, 2006, and has continued to August 2009. (Id. ¶¶ 7, 18.)

In a complaint, a plaintiff must present factual allegations, which if true, would entitle the plaintiff to relief. See infra. Mathias makes two primary allegations in the Complaint that could be considered factual allegations. First, Mathias alleges that he "has been subjected to conditions of probation which have no relevance to the facts of the offense, scheduled for revocation without probable cause, denied the opportunity to pursue gainful employment, denied the opportunity to travel for employment related matters, threatened with arrest for failing to sign a document, denied due process and threatened with an extension of his probationary period by Defendants, denied the opportunity to exercise his custodial rights with his teenage son and subjected to harassment and official oppression by Defendants." (Id. ¶ 11.)

Second, Mathias alleges that "[a]t all times relevant hereto and continuing to as recently as August of 2009 the Defendants have pursued a course of conduct intended to harass and intimidate Plaintiff by, including but not limited to, filing a Petition for Probation Violation for failure to report despite the fact that the Plaintiff did report as instructed and that Plaintiff was advised that pending appeal Defendants had not [sic] authority over Plaintiff." (Id. ¶ 18.)

3

Mathias alleges that Defendants knew the acts were unlawful, were motivated by a racial/color stereotype, and received notice of the acts contemporaneous to the events. (Id. ¶¶ 12, 13.) He further alleges that "Defendants have maintained a pattern[,] policy[,] custom, and practice of treating citizens of color with more contempt and disrespect than they have treated white citizens," and such practice is "established, sanctioned[,] and condoned by the Defendant York County Adult Probation Department," which contributed to official oppression. (Id. ¶¶ 20, 22.) Mathias fails to specify what acts give rise to the pattern or practice alleged.

These are the only factual allegations that the court can glean from the Complaint.

### STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a

4

reasonable expectation that discovery will reveal evidence of' the necessary element."); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, — U.S. —, —, 129 S. Ct. 1937, 1949–50 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, in which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. The complaint that shows that the pleader is entitled to relief—or put another way, facially plausible—will survive a Rule 12(b)(6) motion. See Fed. R. Civ. P. 8(a)(2).

**DISCUSSION**

Defendants argue that Count One of the Complaint is deficient, because Plaintiff fails to allege sufficient facts to provide notice to Defendants of the claims contained in Count One. Defendants also argue that YCAPD is not a proper defendant, the County of York is not a party to the action, and the § 1983 claim is barred due to (1) absolute or qualified immunity, (2) the statute of limitations, (3) the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994), (4) the doctrine of Rooker-Feldman, set forth in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and (5) collateral estoppel. As to Count Two, Defendants argue that Mathias fails to state a claim for relief because no cause of action for official oppression exists in Pennsylvania.

**I.     Count One: 42 U.S.C. § 1983**

Mathias has sued a variety of defendants alleging deprivations of constitutional rights. Count One is deficient because Plaintiff fails to plead facts sufficient to provide Defendants with notice of the acts and claims alleged against them. As Twombly provides, the allegations must be more than conclusions, labels, and recitations of elements of a cause of action. See Twombly, 550 U.S. at 555.

6

Further, it is the plaintiff's duty to provide factual support for the allegations sufficient to make the claim plausible. See id.

Mathias's Complaint is vague, ambiguous, and fails to allege the factual predicate for the § 1983 claim. The bulk of the allegations are conclusions unsupported by fact. For example, Count One includes a claim for racial discrimination. To support this claim, Mathias alleges that "Defendants have maintained a pattern policy custom, and practice of treating citizens of color with more contempt and disrespect than they have treated white citizens," and "Defendants' actions are motivated, in part, by Plaintiff's color." Mathias fails to identify his race, allege what pattern, policy, practice, or custom impacted him discriminatorily, or allege what conduct was motivated by Mathias's race.

When a civil rights complaint is deficient in some manner, a district court must grant leave to amend regardless of whether the plaintiff so requested leave, unless amendment would prove futile or inequitable. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ("Our precedent supports the notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.") This rule applies even when the plaintiff has counsel. See id. ("[D]istrict courts in civil rights cases must extend the plaintiff an opportunity to amend—irrespective of whether it was requested and irrespective of whether the plaintiff was counseled-before dismissing a complaint.")

Mathias's Brief in Opposition and appended documents provide facts about this action that could be included in an amended complaint. Such facts would help this court to assess Count One's legal viability. As it stands, Count One appears tenuous to the point of deficiency due to the lack of factual allegations. Mathias might be able to provide these essential details, which would clarify other issues raised by Defendants, if he were to file an amended complaint.

The court will grant Mathias leave to file an amended complaint to rectify the deficiencies raised in Defendants' Motion to Dismiss. Failure to file an amended complaint may result in the court's dismissal of this action.

## II. Count Two: Official Oppression

In Count Two of the Complaint, Mathias alleges that Defendants knowingly acted illegally and subjected Mathias to threats of arrest, detention, extension of his sentence, mistreatment, and other infringements of Mathias's personal rights. (Compl. ¶¶ 34–37.) Although not specifically stated in Count Two, the basis for Mathias's claim appears to be 18 Pa. Cons. Stat. Ann. § 5301, entitled Official Oppression, which provides:

> A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he:
> (1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or
> (2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

8

Despite being a part of the Pennsylvania criminal code, 18 Pa. Cons. Stat. Ann. § 5301 does not provide a private cause of action for citizens allegedly victim to the violating conduct. See Keefer v. Durkos, 371 F.Supp.2d 686, 695 (W.D. Pa. 2005) (finding no property interest in 18 Pa. Cons. Stat. Ann. § 5301 sufficient to trigger due process); Agresta v. Goode, 797 F. Supp. 399, 409 (E.D. Pa. 1992) (finding no private cause of action created by section 5301); D'Errico v. DeFazio, 763 A.2d 424, 429–30 (Pa. Super. Ct. 2000), appeal denied 782 A.2d 546 (Pa. 2000) (same).

Because Plaintiff cannot state a claim for official oppression and amendment would be futile, the court will grant the Motion to Dismiss as to Count II with prejudice.

An appropriate order follows.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: March 29, 2010

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAHNAWAZ MATHIAS,** | : | CIVIL ACTION NO. 1:09-CV-1515 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **RHYS KERSHAW, et al.,** | : | |
| **Defendants** | : | |

## O R D E R

AND NOW, this 29th day of March, 2010, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss (Doc. 6) is **GRANTED IN PART AND DENIED IN PART**;

2. The Motion to Dismiss is **GRANTED** as to Count Two of the Complaint (Doc. 1);

3. Count Two is **DISMISSED WITH PREJUDICE**;

4. The Motion to Dismiss is **DENIED** as to Count One of the Complaint;

5. Plaintiff is hereby granted **LEAVE TO AMEND** the Complaint;

6. Plaintiff shall file an amended complaint within twenty-one (21) days from the date of this Order; and

7. Plaintiff's failure to comply with this Order may result in the dismissal of this action.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge