IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAHNAWAZ MATHIAS, :
:
    Plaintiff : No. 1:09-CV-1515
:
  v. : (JUDGE CONNER)
: (MAGISTRATE JUDGE PRINCE)
RHYS KERSHAW, ET AL., :
:
    Defendants :

## **REPORT AND RECOMMENDATION**

**I. Procedural Background**

Pursuant to an Order entered on August 4, 2010 (Doc. 23), the Honorable Christopher C. Conner referred the Defendants' pending Motion to Dismiss to the undersigned for the purpose of preparing a Report and Recommendation.

Plaintiff, Shahnawaz Mathias, commenced this action by filing a complaint on August 7, 2009 (Doc. 1) and thereafter filing an amended complaint on April 20, 2010 (Doc. 17). Named as Defendants are York County and Rhys Kershaw and Kevin Titzell, both probation officers for York County. The amended complaint, brought pursuant to the 42 U.S.C. § 1983, alleges violations of Plaintiff's civil rights relating to the term and conditions of his probation,

supervised by the Defendants. On April 22, 2010, Defendants[1] filed a Motion to Dismiss along with a Brief in Support (Docs. 18-19). Plaintiff field a Brief in Opposition on May 14, 2010 (Doc. 20), to which Defendants filed a Reply on May 17, 2010. (Doc. 21). The matter is now ripe for disposition. For the reasons that follow, it will be recommended that the Defendants' Motion to Dismiss be granted.

**II. Factual Background** [2]

Plaintiff, a native of Pakistan, entered a guilty plea on May 15, 2006 to charges of indecent assault and unlawful contact with a minor in the Court of Common Pleas of York County. As a result of the guilty plea, on November 27, 2006, Plaintiff received concurrent sentences of two (2) years and five (5) years probation and was required to maintain registry pursuant to Megan's Law for a ten (10) year period. A subsequent post-sentence motion attempting to withdraw his guilty plea was denied on January 18, 2007. Upon retaining new counsel, Plaintiff

---

[1] A Motion to Dismiss with respect to the original complaint dismissed York County Adult Probation Department as a party to the action and it has not been named as a Defendant in the amended complaint.

[2] The Amended Complaint lacks sufficient factual statements upon which to consider the present Motion. However, the state court record, filed as an Exhibit to (Doc. 6) provides the background from which the court draws the framework of the case.

filed a motion on June 6, 2007, seeking modification of the conditions of his probation, which was denied by Order dated June 8, 2007. Specifically the motion sought to set out as a condition of his probation that Plaintiff need provide prior notice to the probation department if he traveled outside the county, instead of seeking permission to do so. An appeal to the Pennsylvania Superior Court as to both the motion to withdraw his guilty plea and the motion for modification of the terms of his probation was filed on June 27, 2007. On August 4, 2008, the Pennsylvania Superior Court quashed the appeal, as untimely, with respect to the post-conviction motion to withdraw his guilty plea and determined the issue of the modification of his conditions of probation had been waived on procedural grounds.

Plaintiff thereafter filed a petition for declaratory judgment in the court of Common Pleas of York county on February 10, 2009, seeking a declaration that Plaintiff was not subject to the conditions imposed on his probation. A subsequent Order declaring that Plaintiff's appeal rights were exhausted and that he must report to the York County Adult Probation Department ("YCAPD ") was entered on March 17, 2009. A petition for a stay filed by Plaintiff on March 24, 2009 was denied on March 25, 2009. The YCAPD filed a petition for parole violation with respect to Plaintiff on March 31, 2009. Noting that his appeal had been denied,

3

the trial court ordered Plaintiff to report to the YCAPD by July 13, 2009.

A petition for allowance of appeal was denied by the Pennsylvania Supreme Court on July 1, 2009. Plaintiff then filed an application for modification of conditions of probation on August 3, 2009, which the trial court denied by Order dated August 20, 2009. A notice of appeal *nunc pro tunc* filed with the Pennsylvania Superior Court on August 7, 2009 was quashed on April 30, 2010. The present action followed.

## III. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). When deciding a motion to dismiss for failure to state a claim, the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Id. The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations."

4

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). First, the court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. Innis v. Wilson, 2009 U.S. App. LEXIS 12424, *4-5 (3d Cir. 2009) (*citing* Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must then determine whether the complaint states a plausible claim for relief, which is a "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557-58 (2007)).

**IV. Discussion**

In their Motion to Dismiss, Defendants maintain that Plaintiff's present

5

action is barred by both the Heck v. Humphrey holding and the Rooker-Feldman doctrine. They argue, further, that the applicable statute of limitations and collateral estoppel bar the present claims and he has failed to state a claim of "official oppression" against York County. Finally, they also contend that the individual Defendants Kershaw and Titzell are shielded from liability on these claims by immunity.

Plaintiff submits that York County Adult Probation Department ("YCAPD") is a proper defendant to the present action. However, it was previously dismissed as a party to the action by an Order dated April 20, 2010 and it was not named as a Defendant in the amended complaint. Consequently, Plaintiff has failed to state an action against YCAPD.

### (A) Heck v. Humphrey

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a right, privilege, or immunity secured by the Constitution or by the laws of the United States. *See* 42 U.S.C. § 1983; *see also* Cohen v. City of Philadelphia, 736 F.2d 81, 83 (3d Cir. 1984). Section 1983 creates no substantive rights, but rather allows a plaintiff to vindicate violations of rights created by the U.S. Constitution or federal law. Baker v. McCollan, 443 U.S. 137, 145 n. 3 (1979); Kaucher v. County of

6

Bucks, 455 F.3d 418, 423 (3d Cir. 2006).

Plaintiff's ability to state a viable constitutional challenge to events giving rise to his arrest, conviction and sentence is limited. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. A plaintiff is precluded from bringing a claim under 42 U.S.C. § 1983 if it would "impug[n] the validity of the plaintiff's underlying conviction" Gilles v. Davis, 427 F.3d 197, 209 (3d Cir. 2005) (citing Heck, *supra.*).

In the present matter, Plaintiff had the opportunity to challenge the details of the charges against him in his criminal proceedings. In entering a guilty plea to the charge, as part of the plea colloquy, Plaintiff was required to agree to the underlying facts giving rise to the charges and affirm that the evidence against him was true and correct. The validity of the conviction has survived constitutional scrutiny and appellate review. Although the Plaintiff has not been incarcerated as

a result of his conviction, the reasoning of Heck applies to his § 1983 claims, which challenge his conviction. In the absence of his conviction being overturned or vacated, the present action cannot survive.

*(A) Rooker-Feldman Doctrine*[3]

The Rooker-Feldman doctrine embodies the principles set forth in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Under section 1257 of Title 28 of the United States Code, United States Supreme Court is conferred appellate jurisdiction to review final judgments of the states' highest courts. The Rooker-Feldman doctrine is the doctrine that inferior federal courts lack subject matter jurisdiction to review final judgements of the states' highest courts. E.B. v. Verniero, 119 F.3d 1077, 1090 (3d Cir. 1997). The Rooker-Feldman doctrine has been interpreted to also apply to final decisions of lower state courts. Id. "District courts lack subject matter jurisdiction once a state court has adjudicated an issue because Congress has conferred only original jurisdiction, not appellate jurisdiction, on the district courts." In re Gen. Motors Corp. Products Liability Litigation, 134 F.3d 133, 143 (3d Cir. 1998). The existence of a state court

---

[3] Plaintiff does not address this issue in his Brief in Opposition to the Motion to Dismiss.

8

judgment in another case bars a subsequent federal proceeding under Rooker-Feldman "when entertaining the federal court claim would be the equivalent of an appellate review of that order." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir.1996). "Under the Rooker-Feldman doctrine, lower federal courts cannot entertain constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." Whiteford v. Reed, 155 F.3d 671, 673-74 (3d Cir.1998). In other words:

> Rooker-Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling. Accordingly, to determine whether Rooker-Feldman bars [a] federal suit requires determining exactly what the state court held ... If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit.

Whiteford, *supra*, 155 F.3d at 674 (quoting FOCUS, *supra*, 75 F.3d at 849).

In the instant case, Plaintiff is requesting that this court declare the actions of the Defendants unlawful, having previously been unsuccessful in pursuing relief regarding the terms of probation in state court. Essentially, in filing the present action, he is asking this court to interpret the parameters and meaning of the term of probation imposed by the trial court. The Plaintiff pursued his state

9

civil suits to the Pennsylvania Supreme Court, where his petition for allowance of appeal was denied. Pursuant to Rooker-Feldman, this court does not have jurisdiction in this case. Accordingly, it will be recommended that the case be dismissed.

*(C) Immunity of Kershaw and Titzell*

Even assuming Heck v. Humphrey and Rooker-Feldman were inapplicable, Defendants assert they enjoy absolute immunity or, alternatively, qualified immunity, from the present suit. The immunity doctrines give individuals the ability to perform their official duties and apply their discretion without fear or threat of retaliation. *See* Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001). "Absolute immunity attaches to those who perform functions integral to the judicial process." Williams v. Consovoy, 453 F.3d 173, 178 (3d Cir. 2006) (citing Burns v. Reed, 500 U.S. 478, 484 (1991)). "[I]ndividuals who perform investigative or evaluative functions at a governmental adjudicative entity's request to assist that entity in its decisionmaking process are entitled to absolute immunity." Id.; McArdle v. Tronetti, 961 F.2d 1083, 1085 (3d Cir.1992) (psychiatrist who performed evaluation of prisoner at court's request entitled to absolute immunity); Morstad v. Dep't of Corr. & Rehab., 147 F.3d 741 (8th Cir. 1998) (psychologist who performed evaluation of sex offender at court's request

entitle to absolute immunity).

The Third Circuit has held that a probation officer acting in a judicial capacity is entitled to absolute immunity. Stankowski v. Farley, 251 Fed. Appx. 743, 747 (3d Cir. 2007) ("Preparing the presentence report thus was a quasi-judicial function for which [the probation officer] is absolutely immune from suit."); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989); Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir. 1986); Thompson v. Burke, 556 F.2d 231, 236-238 (3d Cir.1977)). In contrast, a probation officer acting in an administrative, executive or ministerial capacity is entitled only to qualified immunity. Wilson, 878 F.2d at 775-776; Harper, 808 F.2d at 284; Thompson, 556 F.2d at 237-238. The key consideration, then, in determining whether Kershaw and Titzell, as a probation officers, are absolutely immune from Plaintiff's suit is whether or not their actions occurred when they were acting in a judicial or executive capacity.

In the alternative, Defendants assert that they are entitled to qualified immunity from Plaintiff's claim. Government officials, performing discretionary functions, are entitled to qualified immunity for their actions, if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is an affirmative defense that the officer must raise.

11

*See* Siegert v. Gilley, 500 U.S. 226, 231 (1991). Because the Supreme Court characterizes the issue of qualified immunity as a question of law, Elder v. Holloway, 510 U.S. 510, 511 (1994), the resolution of immunity questions early in the proceedings is encouraged. Saucier v. Katz, 533 U.S. 194, 200-201 (2001); Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam).

There are two inquiries that a court must make in determining whether a defendant is entitled to qualified immunity. One is whether the facts as alleged in the complaint make out a violation of a constitutional right. Saucier v. Katz, 533 U.S. at 201. The second question is whether "the right was clearly established . . . in light of the specific context of the case." Id. Qualified immunity serves as a shield from suit if a defendant official could have reasonably believed that the actions in question were lawful in light of clearly established law and the information the defendant possessed at the time. Hunter v. Bryant, 502 U.S. at 227 (quoting Anderson, 483 U.S. at 641). Officials who "reasonably but mistakenly" conclude that their actions were lawful are still entitled to immunity. Id. This standard "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Id. at 229 (citing Malley v. Briggs, 475 U.S. 335, 343 (1986)).

The complaint alleges, *inter alia*, that although the trial court indicated that

Plaintiff need only inform the probation office of his travel plans, Defendants altered this condition of probation by informing Plaintiff that he needed to obtain permission to travel. It also asserts that Defendants filed a probation violation petition against Plaintiff and that they told Plaintiff that his probation term would start anew and that he should take a job at a fast-food restaurant.

Assuming, as it must for purposes of the present Motion, that these allegation are true, the act of filing a probation revocation petition is protected by qualified immunity as a duty of their executive or administrative capacities. Heilman v. T.W. Ponessa and Associates, Civ. A. No. 4:07-1308, 2008 WL 275731, *8 (M.D. Pa. Jan 30, 2008) ("In their executive or administrative capacity, probation and parole officers are entitled only to a qualified, good faith immunity.") (citations omitted). *See* Patterson v. Pennsylvania Bd. of Probation and Parole, 851 F.Supp. 194, 197 (E.D.Pa.1994); Thompson v. Burke, 556 F.2d 231, 236-38 (3d Cir.1977). With respect to the other allegations against the Defendants, the question of the probation officers' qualified immunity is resolved at step one of the inquiry: there is no constitutional violation. Reedy v. Evanson, 615 F.3d 197 (3d Cir. 2010) (if no constitutional right would have been violated were allegations established, there is no necessity for further inquiries concerning qualified immunity.) Suggesting Plaintiff seek employment at a fast-food

13

restaurant or threatening to restart his probationary period do not state a constitutional violation. To the extent that Defendants' threat to begin anew Plaintiff's probation term states a constitutional violation, it is concluded that such a threat does not violate clearly established law. *See* Wilson v. Zielke, 2010 WL 2144292 (3d Cir. May 28, 2010) (defendant, a case supervisor for county bail and pretrial services unit, was entitled to qualified immunity from pretrial detainee's claim that defendant threatened to put him in jail after he complained about the tightness of his home-confinement leg monitor. The law as it existed at the time of this incident would not have put a reasonable person in defendant's position on notice that she was violating a clearly established right as neither the United States Supreme Court nor the Third Circuit had defined with specificity when a threat constituted an adverse action in the official-detainee setting.)

To the extent that Plaintiff has stated a claim against Kershaw and Titzell, they are entitled to qualified immunity. Consequently, the Motion to Dismiss should be granted on this issue as well.

### *(D) Other Defenses*

Finally, although Defendants maintain that the applicable statute of limitations precludes the present action, inasmuch as the amended complaint was filed one (1) day after it was due, the court finds that Defendants are not

prejudiced by the delay and it is therefore deemed timely. Moreover, having concluded that the action should be dismissed on other grounds, the court need not reach the issues of whether Plaintiff is collaterally estopped from bringing the present claims, whether his claim for official oppression is cognizable and whether he has stated a claim against York County.

**V. Recommendation**

Based on the foregoing, it is respectfully recommended that Defendants' Motion to Dismiss the Amended Complaint (Doc. 18) be granted.


Date: October 18, 2010                           s/ William T. Prince
                                                 William T. Prince
                                                 United States Magistrate Judge